Debra Grassgreen (CA Bar No. 169978)
Jason Pomerantz (CA Bar No. 157216)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

[Proposed] Attorneys for David K. Gottlieb, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re:<br><br>DAVID ADKINS aka SINBAD ADKINS,<br><br>Debtor | Case No.: 1:10-bk-11562-VK<br><br>Chapter 7<br><br>**DECLARATION OF VICTORIA A. NEWMARK IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL TO THE TRUSTEE**<br><br>[No Hearing Required Per Local Bankruptcy Rule 2014-1(b)(1)(C)] |
|---|---|

I, Victoria A. Newmark, declare as follows:

1. I am an attorney duly admitted to practice by the State of California and before this Court.

2. I make this declaration in support of the application (the "Application") filed by David K. Gottlieb, the duly appointed chapter 7 trustee in the above-captioned bankruptcy case (the "Trustee") to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as general bankruptcy counsel on behalf of the Trustee, solely in his capacity as Trustee for the Estate of David Adkins aka Sinbad Adkins (the "Debtor").

3. The name, address, telephone number and facsimile number of the Firm are:

> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Boulevard
> Suite 1100
> Los Angeles, California 90067
> Telephone: (310) 277-6910
> Facsimile:  (310) 201-0760

4. This Firm has particular expertise in the areas of insolvency, business reorganization and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to chapter 7 and 11 trustees in a great number of cases and to a wide range of debtors in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. Biographical sketches of Debra Grassgreen and Victoria A. Newmark, the primary attorneys at the Firm expected to handle the Firm's representation of the Trustee, are attached to the Application as **Exhibit A**. The Firm's depth of experience in bankruptcy makes it well qualified to represent the Trustee. Therefore, the Trustee believes that the Firm's retention is in the best interest of the Estate.

5. The Trustee desires to retain the Firm, at the expense of the estate, to undertake such tasks as required by the Trustee, including, but not limited to the following:

a. Advising the Trustee concerning the rights and remedies of the estate in regard to the assets of the estate, and with respect to the secured, priority and general claims of creditors, including the asserted tax claims of the United States of America and the California Franchise Tax Board;

b. Representing the Trustee in connection with financial and business matters, including the sale of any assets and potential recovery of assets, including royalty rights, licenses, and other intellectual property relating to the Debtor's entertainment career;

c. Representing the Trustee in connection with investigation of potential causes

of action against persons or entities relating thereto and substantive consolidation or similar types of claims, if warranted and directed by the Trustee to do so;

   d. Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

   e. Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estate may be litigated or affected;

   f. Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of reports, accounts, applications and orders; and

   g. Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estate.

  6. Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, the Trustee proposes to pay the Firm its customary hourly rates in effect, from time to time, and to reimburse the Firm for its expenses according to its customary reimbursement policies. There are no arrangements between the Firm and any other entity for the sharing of compensation received, or to be received, in connection with the case, except insofar as such compensation may be shared among the members and regular associates of the Firm. The current hourly rates of Debra Grassgreen and Victoria A. Newmark are $795.00 and $650.00, respectively. The hourly rates of the Firm's other attorneys are attached to the Application as **Exhibit B**. The current hourly rate of Beth Dassa, the paralegal who will work on this case is $255.00.

  7. It is contemplated that the Firm may seek interim compensation during the case as permitted by sections 328(a) and 331(a) of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in this case is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a

hearing in accordance with sections 328(a) and 331(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016.

8. To the best of my knowledge, neither the Firm, nor any of its members or of counsel, has any connection with the Trustee, the Debtor, any creditors of the estate, any party in interest, its attorneys or accountants, any bankruptcy judge of this Court, the United States Trustee or any person employed in the Office of the United States Trustee, except as follows:

a. The Firm has served and, in some cases, continues to serve David K. Gottlieb as counsel in certain unrelated bankruptcy cases, in Mr. Gottlieb's capacity as trustee or examiner in said cases. These other bankruptcy cases are unrelated to the Debtor's case. A comprehensive list of these other prior or current representations will be provided to the Office of the United States Trustee upon request.

9. Neither the Firm, nor any of its member or of counsel, represents any interest adverse to that of the Trustee, the Debtor or of the Estate in the matters on which it is to be retained.

10. Neither the Firm, nor any of its members represent any interest adverse to that of the Trustee, or of the Estate, in the matters on which the Firm is to be retained. Accordingly, the Firm and its members are disinterested persons, as the Trustee understands this term to be defined, within the meaning of sections 101(14) and 101(31), as modified by section 1103(b), of the Bankruptcy Code

11. The Firm has not represented and does not currently represent a related debtor in a bankruptcy case in this Court or any other court.

12. Each member of the Firm is familiar with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and United States Trustee Guides and will comply with them.

13. To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on the 29th day of April, 2011, at Los Angeles, California.

*[signature]*
Victoria A. Newmark